1  Gary R. Selvin, State Bar No. 112030
   Robin D. Korte, State Bar No. 182553
2  SELVIN WRAITH HALMAN LLP
   505 14th Street, Suite 1200
3  Oakland, CA 94612
   Telephone:   (510) 874-1811
4  Facsimile:    (510) 465-8976
   E-mail:  gselvin@selvinwraith.com
5           rkorte@selvinwraith.com

6  Attorneys for
   UNIGARD INSURANCE COMPANY and
7  ONEBEACON INSURANCE COMPANY

8

9
                  IN THE UNITED STATES DISTRICT COURT
10
                FOR THE EASTERN DISTRICT OF CALIFORNIA
11

12

13 UNIGARD INSURANCE COMPANY and          CASE NO.: 18-68
   ONEBEACON INSURANCE COMPANY,
14                                         **COMPLAINT FOR DECLARATORY
           Plaintiff,                      JUDGMENT AND REIMBURSEMENT**
15
       v.                                  Complaint Filed:  January 26, 2018
16
   GEORGE PERRY AND SONS, INC., a
17 California Corporation, GARY MATTES,
   individually and dba GARY'S APIARIES and
18 DOES 1 through 20, inclusive,

19         Defendant.

20
       Plaintiff UNIGARD INSURANCE COMPANY AND ONEBEACON INSURANCE
21
   COMPANY, for its Complaint for Declaratory Judgment and Reimbursement against Defendants
22
   GEORGE PERRY AND SONS, INC., GARY MATTES, individually and dba GARY'S APIARIES
23
   and allege as follows:
24
                              I. INTRODUCTION
25
       1.     UNIGARD INSURANCE COMPANY ("UNIGARD") AND ONEBEACON
26
   INSURANCE COMPANY ("ONEBEACON") have provided a defense to GEORGE PERRY AND
27
   SONS, INC. ("PERRY") against  GARY MATTES', individually and dba GARY'S APIARIES'
28

                                          1
   **COMPLAINT FOR DECLARATORY JUDGMENT AND REIMBURSEMENT**
                                                        **CASE NO.: 18-68**

(collectively "MATTES") lawsuit, which seeks damages for alleged destruction of his beehives while on PERRY'S property, although the policies exclude the claimed damages. In this action, Plaintiffs seek a judicial determination that they owed and owe no duty to defend and seek reimbursement from PERRY of all attorney's fees and costs Plaintiffs have advanced to defend the lawsuit.

## I. THE PARTIES

2. Plaintiff UNIGARD INSURANCE COMPANY is a Wisconsin corporation with its principal place of business in Sun Prairie, Wisconsin, authorized to do and doing business in California.

3. Plaintiff ONEBEACON INSURANCE COMPANY was a Pennsylvania corporation with its principal place of business in Boston, Massachusetts, authorized to do and doing business in California.

4. On information and belief, Defendant PERRY is now and at all times mentioned herein, was a California corporation with its principal place of business in, and was a resident in San Joaquin County, California.

5. On information and belief, Defendant MATTES, individually, and dba GARY'S APIARIES, is now and at all times mentioned herein, was a resident of, and doing business in San Joaquin County, California. MATTES is named herein as a potential judgment creditor against Plaintiffs pursuant to Insurance Code section 11580, to bind him to the judgment herein and prevent a multiplicity of actions.

## II. JURISDICTION AND VENUE

6. This Court has jurisdiction based on diversity of citizenship pursuant to 28 U.S.C §1332. The amount in controversy, exclusive of interest and costs, greatly exceeds $75,000, because the Underlying Action, *Mattes dba Gary's Apiaries v. George Perry & Sons, et al.,* Case No. 39-2013-00304818-CU-PO-STK, seeks millions of dollars in damages. In addition, UNIGARD and ONEBEACON are providing a defense to PERRY in the Underlying Action adding to the amount in controversy. The parties are citizens of different states, and an actual justiciable controversy exists between plaintiff and defendants within the meaning of 28 U.S.C. §2201 regarding the scope and extent of insurance coverage provided under the Unigard insurance policies issued to PERRY.

7. Venue is proper in this district pursuant to 28 U.S.C §1391. A substantial part of the events or omissions giving rise to the claims occurred in this district and the defendants are subject to personal jurisdiction in this district. In addition, Defendants reside and operate their business in this judicial district. The insurance policies that form the basis of this dispute were delivered to PERRY in this judicial district.

### III. THE UNDERLYING ACTION

8. MATTES owns GARY APIARIES, a bee business which rents beehives to local farmers for crop pollination and honey production. From 2009 to 2012, MATTES orally contracted with PERRY for MATTES to provide beehives to pollinate PERRY'S watermelon and pumpkin crops. The beehives were located on PERRY'S property.

9. In the Underlying Action, attached hereto as Exhibit A, MATTES alleges that PERRY, directly and through subcontractors, applied various pesticides to and in the vicinity of the fields where the bees were located on PERRY'S property, killing the bees.

10. MATTES further claims that as a result of the application of the pesticides, he suffered catastrophic losses to his beehives resulting in more than a 95% die-off in 2012 alone, causing damages for the loss of the beehives, lost profits from reduced production of honey; losses from the inability to split hives; and lost profits as a result of the inability to rent beehives because of the die-offs.

### IV. INSURANCE POLICIES

**A.    The Policies**

11. UNIGARD issued the following policies: MF003782 to the named insured GEORGE PERRY & SONS, in effect from December 1, 2010 to December 1, 2011 and from December 1, 2011 to December 1, 2012. The policies include Farm liability coverage and Commercial general liability coverage.

12. ONEBEACON issued the following policies: QB QF63429-01 effective from December 1, 2008 to December 1, 2009 and QG QF63429-02, effective from December 1, 2009 to December 1 2010.

13. The UNIGARD and ONEBEACON Policies' Commercial General Liability Policy

**COMPLAINT FOR DECLARATORY JUDGMENT AND REIMBURSEMENT**
**CASE NO.: 18-68**

provided general liability coverage through coverage forms no. CG 00 01 12 07 and CG 00 01 10 01 respectively ("CGL Coverage") to PERRY for "property damage" caused by an "occurrence", subject to certain exclusions and applicable coverage forms.

14. The UNIGARD and ONEBEACON policies' CGL Coverage excludes coverage for certain "property damage":

j. Damage To Property

"Property damage" to:

(1) Property you own, rent, or occupy, including any costs or expenses incurred by you, or any other person, organization or entity, for repair, replacement, enhancement, restoration or maintenance of such property for any reason, including prevention of injury to a person or damage to another's property,
…
(3) Property loaned to you;
(4) Personal property in the care custody or control of the "insured".

15. The UNIGARD policies also extend coverage through Farm Liability Policy coverage form (form no. fl0020 0198 herein referred to as "Farm Liability Coverage").

16. The UNIGARD policies' Farm Liability Coverage also excludes "property damage":

r. Damage To Property

"Property damage" to:

(1) Property you own;
(2) Property you rent or occupy;
* * *

(5) Personal property in the care custody or control of the "insured".

**FIRST CAUSE OF ACTION**
**(Declaratory Judgment re: Duty to Defend**
**As to Defendant Perry)**

17. Plaintiffs reallege and incorporate herein by reference paragraphs 1 through 16, as though fully set forth in this cause of action.

18. UNIGARD and ONEBEACON seek, pursuant to 28 U.S.C. section 2201 and Fed. R. Civ. Proc. 57, a judicial declaration of parties' respective rights, obligations and duties under the UNIGARD and ONEBEACON policies.

19. There is at present a controversy between Plaintiffs and Defendant PERRY concerning

whether the policies provides coverage for MATTES claims. Plaintiffs contend there is no duty to defend PERRY against the MATTES' claims. Plaintiffs are informed and believe that Defendant PERRY contend to the contrary.

20. Plaintiffs request that this Court declare there is no coverage and therefore no duty to defend PERRY because the policies exclude coverage for "property damage," under one or all of the following exclusions for "property damage" to personal property in the insured's care, custody or control, property rented to the insured, and property loaned to the insured.

21. Plaintiffs desire a judicial determination and a declaration that UNIGARD and ONEBEACON do not have a duty to defend PERRY in the Underlying Action under the policies. A declaration of the parties' rights is both necessary and appropriate at this time.

**SECOND CAUSE OF ACTION**
**(Declaratory Judgment re:  Duty to Indemnify**
**As to All Defendants)**

22. Plaintiffs reallege and incorporate herein by reference paragraphs 1 through 21, as though fully set forth herein.

23. UNIGARD and ONEBEACON seek, pursuant to 28 U.S.C. section 2201 and Fed. R. *Civ.* Proc. 57, a judicial declaration of parties' respective rights, obligations and duties under the UNIGARD and ONEBEACON policies.

24. There is at present a controversy between Plaintiffs and Defendants concerning whether the policies provide coverage for MATTES claims. Plaintiffs contend there is no duty to indemnify PERRY against MATTES claims. Plaintiffs are informed and believe that Defendants contend to the contrary.

25. Plaintiffs request that this Court declare there is no coverage and therefore no duty to indemnify PERRY based on the exclusions set forth above:

26. There is at present a controversy between Plaintiffs and Defendants PERRY concerning whether the policies provide coverage for MATTES claims. Plaintiffs contend there is no duty to indemnify PERRY against MATTES claims. Plaintiffs are informed and believe that Defendant PERRY contends to the contrary.

27. Plaintiffs request that this Court declare there is no no duty to indemnify PERRY because the policies exclude coverage under one or all of the following exclusions for "property damage" to personal property damage to property in the insured's care, custody or control, property rented to the insured, and property loaned to the insured.

28. UNIGARD and ONEBEACON seek a judicial declaration of parties' respective rights, obligations and duties under the UNIGARD and ONEBEACON policies.

### THIRD CAUSE OF ACTION
(Reimbursement of Fees and Costs (*Buss v. Superior Court*)
As to Defendant Perry)

29. Plaintiffs reallege and incorporate herein by reference paragraphs 1 through 28, as though fully set forth herein.

30. Plaintiffs have been defending PERRY in the Underlying Action, and have incurred attorney's fees and costs in providing the defense; however, for the reasons set forth above, Plaintiffs do not and never had a duty to defend PERRY against the Underlying Action.

31. Plaintiff's are entitled to reimbursement of the defense fees and costs they have paid defending PERRY pursuant to *Buss v. Superior Court* (1997) 16 Cal.4th 35 and *Scottsdale Ins. Co. v. MV Transp.* (2005) 36 Cal.4th 643.

WHEREFORE, UNIGARD and ONEBEACON pray for judgment against Defendants as set forth below.

### V. PRAYER

Plaintiffs pray for judgment against all Defendants as follows:

1. That the Court declare Plaintiffs have no duty to defend PERRY against MATTES' claims;

2. That the Court declare Plaintiffs have no duty to indemnify PERRY against MATTES' claims;

3. For judgment according to proof for reimbursement of attorney's fees and costs Plaintiffs have incurred to defend PERRY against MATTES' claims

4. For Plaintiffs' costs of suit; and

6
COMPLAINT FOR DECLARATORY JUDGMENT AND REIMBURSEMENT
CASE NO.: 18-68

5. For such other and further relief as the Court deems just and proper.

Dated: January 26, 2018                    SELVIN WRAITH HALMAN LLP


By: */s/ Gary R. Selvin*
    Gary R. Selvin
    Robin D. Korte
    Attorneys for
    UNIGARD INSURANCE COMPANY and
    ONEBEACON INSURANCE COMPANY

242484