# EXHIBIT A

```
1  CORT V. WIEGAND (SBN 73739)
   LAW OFFICES OF CORT V. WIEGAND
2  1207 Thirteenth Street, Suite #5
   Modesto, CA 95354
3  Telephone: (209) 524-0937
   Fax: (209) 524-4100
4
   Attorneys for Plaintiffs Gary Mattes, individually,
5  and dba Gary Apiaries.
```

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SAN JOAQUIN

| | |
|---|---|
| GARY MATTES, individually, and dba GARY APIARIES, | Case No. 39-2013-00304818-CU-PO-STK |
| Plaintiffs. | FIRST AMENDED COMPLAINT FOR: NEGLIGENCE; NEGLIGENCE PER SE; INTENTIONAL MISREPRESENTATION AND CONCEALMENT; AND NEGLIGENT MISREPRESENTATION |
| vs | |
| GEORGE PERRY AND SONS, INC., a California corporation, PAUL GOMES and DOES 1 through 100, inclusive | |
| Defendants. | |

Plaintiff alleges:

## GENERAL ALLEGATIONS

1. Plaintiff, GARY MATTES, individually, and dba GARY'S APIARIES ("MATTES"), is now and at all times mentioned herein, was, a resident of and doing business in, San Joaquin County, California. Plaintiff, GARY MATTES, was and is at all times mentioned in this complaint, the owner of GARY'S APIARIES which continues to have some bee hives but at the beginning of his dealings with Defendants in 2009 had approximately 1200

---

FIRST AMENDED COMPLAINT FOR NEGLIGENCE, NEGLIGENCE PER SE, INTENTIAL MISREPRESENTATION

1  bee hives. At all times mentioned herein, plaintiff, MATTES, rented bee hives for agricultural
2  purposes, marketed honey, sold bee hives and other agricultural products.

3      2.    Defendant GEORGE PERRY AND SONS, INC., ("PERRY"), is now, and at all
4  times mentioned in this complaint was, a corporation organized and existing under the laws of
5  the State of California, doing business in California with its principal office located in San
6  Joaquin County.

7      3.    Defendant PAUL GOMES is now and all times herein mentioned was a resident
8  of San Joaquin County, State of California and was acting as an agent and manager for PERRY.

9      4.    The true names and capacities, whether individual, corporate, associate or
10 otherwise, of Defendants sued herein as DOES 1 through 100, inclusive, are unknown to who
11 therefore sue these Defendants by such fictitious names. Plaintiff is informed and believes and
12 alleges that each of the Defendants designated herein was the agent and employee of each of the
13 remaining Defendants, and in doing the things alleged in this complaint was acting within the
14 course and scope of such agency and employment, and is responsible in some manner for the
15 events and happenings referred to herein and is responsible for the injuries and damages
16 proximately resulting therefrom as alleged herein. Each of the defendants ratified the actions of
17 each other defendant Plaintiff will amend this complaint to allege their true names and
18 capacities when ascertained.

19     5.    Plaintiff is informed and believes, and upon that basis alleges, that at all material
20 times to this action Defendant PERRY, and DOES 1 through 10 inclusive, were licensed by the
21 California Department of Pesticide Regulation as a qualified applicators of pesticides. Permit
22 number 3901279 was registered to PERRY with the San Joaquin County Agricultural
23 Commissioner's Office.

24     6.    At all times referred to herein, Defendant PERRY and DOES 1 through 10 were
25 engaged in the application and use of pesticides for agricultural purposes on properties farmed by
26 PERRY in 2009, 2010, 2011 and 2012. Defendant PERRY's operations included the
27 commercial production of watermelons and pumpkins, for which PERRY rented bee hives for
28 pollination from MATTES during 2009, 2010, 2011 and 2012.

2

FIRST AMENDED COMPLAINT FOR NEGLIGENCE, NEGLIGENCE PER SE, INTENTIAL MISREPRESENTATION

7. Beginning in 2009 and ending in 2012, Defendant PERRY orally contracted with MATTES to provide bee hives to pollinate PERRY'S crops. As a corollary to the oral contract, Plaintiffs were granted permission to enter PERRY'S property and to locate bee hives on said property.

8. Defendant PERRY directly and through subcontractors applied various pesticides to and in the vicinity of the fields in which Plaintiff's bees were located while Plaintiff's bees were on property being farmed by PERRY.

## FIRST CAUSE OF ACTION
## NEGLIGENCE – AGAINST ALL DEFENDANTS

9. The Plaintiff refers to and incorporates by this reference all of the allegations contained in Paragraphs 1 through 8 above, as though fully set forth herein.

10. At all times mentioned herein, Defendants had a duty to notify Plaintiff, warn Plaintiff, and to protect Plaintiff's bees from the pesticides potentially harmful to bees being used on the property being farmed in the vicinity in which MATTTE'S bees were located being applied for the benefit and at the direction of Defendants.

11. Defendants negligently applied pesticides and negligently failed to warn Plaintiff of the use and application of said pesticides. Pesticides used by and on behalf of PERRY were toxic to bees and have warning labels and directions that notify the user of the danger.

12. Defendants negligently failed to inform Plaintiff, or warn Plaintiff of Defendants' use and misuse of pesticides toxic to bees on Defendants' crops and in the vicinity of Plaintiff's bees during the time that Plaintiff's bees were present and while the residues of the pesticides were still present.

13. Plaintiff was unaware that Defendants were misapplying and using pesticides that were toxic to bees and that the pesticides were responsible for killing his bees until approximately two weeks after April 19, 2013 when he was able to review pesticide use reports filed with the San Joaquin Agricultural Commission. The die offs of bees was gradual due to the toxic buildup of the pesticides and therefore Plaintiff as a non-expert was unable to make the

1 connection between the pesticides and the bee die offs. MATTES was specifically told by
2 PAUL GOMES, a managing agent of PERRY, commencing in June of 2009 that the pesticides
3 applied in the vicinity of Plaintiff's bees by PERRY would be applied at night, would be applied
4 in a manner safe for bees, and that the pesticides themselves were safe for bees. These
5 assurances regarding pesticides were reiterated by GOMES in June 2011 and again in June of
6 2012. Also in June of 2011 and again in June of 2012 PAUL GOMES promised that he would
7 provide a list of pesticides that were being used on PERRY crops and fields in which Plaintiff's
8 bees were being employed. PAUL GOMES failed to provide the promised information to
9 Plaintiff.

10     14. As a proximate result of Defendants' negligence and carelessness, as described
11 above, over a period of four years, Plaintiff suffered catastrophic losses to his bee hives resulting
12 in more than a 95 percent die off in 2012 alone, causing damage to Plaintiff in an amount in
13 excess of the minimum jurisdiction of this court, according to proof.

14     15. As a further and proximate result of Defendants' negligence Plaintiff incurred
15 expenses in disposing of the dead bees and will incur additional expenses in remediating the bee
16 hives to Plaintiffs damage in an amount, according to proof.

17     16. As a further proximate result of Defendants' negligence, Plaintiff suffered lost
18 profits from the reduced production of honey and further losses from the inability to split hives,
19 and lost profits as a result of the inability to rent bee hives because of the die offs to Plaintiffs
20 damage in amount in excess of the minimum jurisdiction of this court, according to proof.

21
22
23                     **SECOND CAUSE OF ACTION**
24         **NEGLIGENCE PER SE – AGAINST ALL DEFENDANTS**

25     17. The Plaintiff refers to and incorporates by this reference all allegations contained
26 in Paragraphs 1 through 16 above, as though fully set forth herein.
27     18. California Food and Agriculture Code ("FAC") Section 12973 provides that the
28 use of any pesticide shall not conflict with labeling registered pursuant to this chapter which is

---
4
FIRST AMENDED COMPLAINT FOR NEGLIGENCE, NEGLIGENCE PER SE, INTENTIAL MISREPRESENTATION

1 | delivered with the pesticide or with any limitations applicable to the conditions of any permit
2 | issued by the director or commissioner.

19. The pesticide labels and instructions for the pesticides used by Defendants state that pesticide are not to be applied if bees are visiting the treatment area and some of the pesticides used state they are "highly toxic to bees".

20. Defendants' applied numerous pesticides in violation of the labeling and instructions and in violation of California Code of Regulations §6650 and various other sections of California Code of Regulations. Said pesticide applications were done while Plaintiff's bees were foraging, pollinating and visiting the treatment area.

21. The application of said pesticides in violation of the aforementioned regulations is Negligence Per Se. As a proximate result of Defendants' negligence and violation of statutes and regulations as herein alleged. Over a period of four years, Plaintiff suffered catastrophic losses to his bee hives because of the application and use of pesticides, resulting in more than a 95 percent die off in 2012, causing damage to Plaintiff in an amount in excess of the minimum jurisdiction of this court, according to proof.

22. Plaintiff was unaware that Defendants were misapplying the pesticides and that the pesticides were responsible for killing his bees until approximately two weeks after April 19, 2013 when he was able to review pesticide use reports filed with the San Joaquin Agricultural Commission. MATTES had been specifically told by agents of PERRY that pesticides applied in the vicinity of Plaintiff's bees were applied in a manner that was safe for his bees as set forth in Paragraph 13.

23. Plaintiff suffered lost profits from the reduced production of honey and further losses from the inability to split hives, and lost profits as a result of the inability to rent bee hives because of the die off's to Plaintiffs damage in amount in excess of the minimum jurisdiction of this court, according to proof.

24. As a further direct and proximate result of Defendants' negligence, as described above, Plaintiffs incurred expenses for the disposal of dead hives and treatment of the dying

5

FIRST AMENDED COMPLAINT FOR NEGLIGENCE, NEGLIGENCE PER SE, INTENTIAL MISREPRESENTATION

hives. Plaintiffs anticipate additional expenses to complete remediation of the damages to bees and hives caused by Defendants.

25. As a further direct and proximate result of Defendants' negligence and carelessness as described above, Plaintiff lost the revenue that Plaintiff would have earned from pollination services, production and sales of honey, and the development of the additional hives and revenues ' bees would have produced, had they not been killed.

### THIRD CAUSE OF ACTION
### INTENTIONAL MISREPRESENTATION AND CONCEALMENT
### AGAINST ALL DEFENDANTS

26. The Plaintiff refers to and incorporates by this reference all allegations contained in Paragraphs 1 through 25 above, as though fully set forth herein.

27. Defendant PERRY, as licensed pesticide applicator and having entered into a contractual relationship with the Plaintiff, whereby Plaintiff agreed to enter Defendant's property for the economic purpose of pollinating Defendant's blooming watermelon and pumpkin fields, owed a duty to notify, guard, or warn Plaintiff against the systematic and continuous application of pesticides known to be lethal to honey bees.

28. Defendants Does 1-10 as licensed qualified applicators pursuant to permits issued by the California Department of Pesticide Regulations also owed Plaintiff a duty to notify, guard or warn Plaintiff about the use and intended use of pesticides known to be toxic to honey bees.

29. The Defendants falsely, fraudulently and intentionally misrepresented material facts regarding the application of pesticides that were poisonous and noxious to bees and failed to inform and did conceal from Plaintiff material facts regarding the application and use of such pesticides.

30. Defendant PERRY through its agents and Does 1-20, made the representations herein alleged. At the time of the making of the representations herein alleged to have been made by its agents, those agents were acting within the course and scope of their employment and authority for Defendants.

31. Defendant PERRY'S agent, PAUL GOMES and Does 20-30 falsely, fraudulently and intentionally represented and told Plaintiff that the pesticides being used were safe and did not represent a danger to Plaintiff's bees and that the pesticides were being applied in a safe manner.

32. PAUL GOMES and Does 20-30 emphasized to Plaintiff that the pesticides that were being applied were not toxic to bees and told Plaintiff that they were applying the pesticides as directed in the labeling instructions and told Plaintiff that the pesticides being used would not be applied while Plaintiff's bees were foraging and the applications would be made only at night.

33. Defendants intentionally concealed the true facts which were that the pesticides were poisonous to Plaintiff's bees and that said pesticides were being applied in violation of the labeling application instruction and during the time that bees rented from Plaintiff were foraging and active.

34. At the time the aforementioned fraudulent and intentional misrepresentations were made, the Defendants knew that the pesticide applications would be directly applied while plaintiff's bees were foraging and pollinating Defendants blooming watermelon and pumpkin fields.

35. Defendants knew that these representations were false and/or misleading at the time they were made, defendants omitted and/or concealed, and defendants made the aforesaid misrepresentations with the intent to defraud and deceive, and with the intent to induce Plaintiff to supply apiaries for the pollination of Defendants' blooming watermelon and pumpkin fields.

36. Plaintiff, at the time these representations were made by the Defendants, was ignorant of the falsity of the Defendants' representations and believed them to be true. Plaintiff reasonably relied on Defendants' false misrepresentations and defendants' failure to disclose the true facts.

37. During the time that Plaintiff supplied bees to Defendants from 2009 thru 2012, defendants systematically and continuously misapplied toxic pesticides known to be lethal to foraging honey bees to their crops, thereby killing most of Plaintiff's bees over that period. Had

FIRST AMENDED COMPLAINT FOR NEGLIGENCE, NEGLIGENCE PER SE, INTENTIAL MISREPRESENTATION

the Plaintiff known the actual facts, Plaintiff would not have rented and would not have supplied bee hives to the Defendants.

38. Plaintiff did not discover that Defendants' representations were untrue and that the Defendants were concealing the aforementioned information Until late April 2013. On or about April 19, 2013 Plaintiff became aware of the existence of pesticide use reports filed with the San Joaquin Agricultural Commission and within two weeks thereafter was able to review the reports and became aware of the alleged concealment and falsity of Defendants representations.

39. As a proximate result of Defendants' actions as described above, over a period of approximately four years Plaintiff suffered catastrophic losses to his bee hives resulting in more than a 95 percent die off causing damage to Plaintiff in an amount in excess of the minimum jurisdiction of this court according to proof.

40. As a further and proximate result of Defendants' actions Plaintiff incurred expenses in disposing of the dead bees and will incur additional expenses in remediating the bee hives to Plaintiffs damage in an amount according to proof. Plaintiffs anticipate additional expenses to complete remediation of the bees and hives caused by Defendants, according to proof.

41. As a further proximate result of Defendants' actions, Plaintiff suffered lost profits from the reduced production of honey and further losses from the inability to split hives, and lost profits as a result of the inability to rent bee hives because of the die offs to Plaintiff's damage in amount in excess of the minimum jurisdiction of this court, according to proof.

42. The aforementioned conduct of the Defendants was willful, intentional and in conscience disregard of Plaintiffs rights thereby justifying an award of punitive and exemplary damages in an amount according to proof.

///

## FORTH CAUSE OF ACTION
### NEGLIGENT MISREPRESENTATION AND NEGLIGENT CONCEALMENT AGAINST ALL DEFENDANTS

43. The Plaintiff refers to and incorporates by this reference all allegations contained in Paragraphs 1 through 25 above, as though fully set forth herein.

44. Defendants, as licensed pesticides applicators and having entered into a contractual relationship with the Plaintiffs, whereby Plaintiffs agreed to enter Defendants property for the economic purpose of pollinating Defendants' blooming watermelon and pumpkin fields, owed a duty to notify, guard, or warn Plaintiffs against the systematic and continuous application of toxic pesticides known to be lethal to honey bees.

45. The Defendants negligently misrepresented material facts regarding the application of poisonous and noxious pesticides and failed to inform and did negligently conceal from Plaintiff material facts regarding the application of pesticides.

46. Defendant PERRY through its agents and Does 1-20, made the representations herein alleged. At the time of the making of the representations herein alleged to have been made by its agents, those agents were acting within the course and scope of their employment and authority for Defendants.

47. Defendants' agent, PAUL GOMES and Does 20-30 told Plaintiff in June of 2009 and continuing in 2011 and 2012 that the pesticides being used by PERRY would be applied at night, in a manner that was safe for bees, and that the pesticides themselves were safe for bees. PAUL GOMES and Does 20-30 negligently told Plaintiff that the pesticides being used did not represent a danger to Plaintiff's bees.

48. In June of 2009 PAUL GOMES and Does 20-30 emphasized to Plaintiff that the pesticides that they were applying were not toxic to bees and told Plaintiff that they were applying the pesticides as directed in the labeling instructions and told Plaintiff that the pesticides being used would not be applied while Plaintiff's bees were foraging and the applications would be made only at night. These representations were reiterated in 2011, and 2012.

9
FIRST AMENDED COMPLAINT FOR NEGLIGENCE, NEGLIGENCE PER SE, INTENTIAL MISREPRESENTATION

49. Defendants negligently concealed the true facts which were that the pesticides were poisonous to Plaintiff's bees and that said pesticides were being and had been applied in the past in violation of the labeling application instruction and during the time that bees rented from Plaintiff were foraging and active. Defendants further negligently concealed and did not disclose that previous bee keepers had terminated their services with PERRY because of the die off of their bees.

50. At the time the aforementioned misrepresentations were made, the Defendants did not have sufficient information to reasonably represent to plaintiff that the pesticides being used were safe and nontoxic to Plaintiff's bees and that the pesticides were being applied only at night using ground spraying. Defendants, in fact, applied pesticides that were toxic to bees throughout the entire time, that Plaintiff supplied bees, and those applications were made using a helicopter during day time hours while Plaintiff's bees were actively visiting and pollinating in the fields that were being sprayed. Defendants had no reasonable basis for making the aforementioned representations.

51. Defendants representations were untrue and/or misleading at the time they were made and information regarding the true facts was omitted and/or concealed, and defendants made the aforesaid misrepresentations with the intent to induce Plaintiff to supply apiaries for the pollination of Defendants' blooming watermelon and pumpkin fields.

52. Plaintiff, at the time these representations were made by the Defendants, was ignorant of the falsity of the Defendants' representations and believed them to be true. Plaintiff reasonably relied on Defendants' false misrepresentations and defendants' failure to disclose the true facts that were or should have been known by defendants.

53. During the time that Plaintiff supplied bees to Defendants from 2009 thru 2012, defendants systematically and continuously misapplied toxic pesticides that were lethal to foraging honey bees thereby killing most of Plaintiff's bees over that period. Had the Plaintiff known the true facts Plaintiff would not have rented nor supplied hives to defendants.

54. Plaintiff did not discover, that Defendants' representations were untrue and that the defendants had not disclosed material information. On or about April 19, 2013 Plaintiff

10
FIRST AMENDED COMPLAINT FOR NEGLIGENCE, NEGLIGENCE PER SE, INTENTIAL MISREPRESENTATION

became aware of the existence of pesticide use reports filed with the San Joaquin Agricultural Commission and within two weeks thereafter was able to review the reports and became aware of the alleged concealment and falsity of defendants representations.

55. As a proximate result of Defendants' actions, as described above, over a period of approximately four years, Plaintiff suffered catastrophic losses to his bee hives resulting in more than a 95 percent die off, causing damage to Plaintiff in an amount in excess of the minimum jurisdiction of this court according to proof.

56. As a further proximate result of Defendants' actions Plaintiff incurred expenses in disposing of the dead bees and will incur additional expenses in remediating the bee hives to Plaintiffs damage in an amount according to proof. Plaintiffs anticipate additional expenses to complete remediation of the damages to bees and hives caused by Defendants.

57. As an additional proximate result of Defendants' actions, Plaintiff suffered lost profits from the reduced production of honey and further losses from the inability to split hives, and lost profits as a result of the inability to rent bee hives because of the die offs to Plaintiffs damage in amount in excess of the minimum jurisdiction of this court according to proof.

58. The aforementioned conduct of the Defendants was reckless and the representations were made without any reasonable basis and without any reasonable belief that the representations were true and made with a conscience disregard for Plaintiff's rights thereby justifying an award of exemplary and punitive damages, according to proof

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment against Defendants, and each of them, as follows:

1. For general damages, according to proof;
2. For special damages, according to proof;
3. For punitive and exemplary damages, according to proof;
4. For Plaintiff's reasonable attorneys' fees herein;

5. For costs of suit herein; and
6. For such other and further relief as the court shall deem proper.

DATED: June 11, 2014        LAW OFFICE OF CORT V. WIEGAND

By: *[signature]*
CORT V. WIEGAND, Attorney for
Plaintiffs GARY MATTES, individually, and
dba GARY APIARIES