Gary R. Selvin, State Bar No. 112030
Robin D. Korte, State Bar No. 182553
SELVIN WRAITH HALMAN LLP
505 14th Street, Suite 1200
Oakland, CA 94612
Telephone:   (510) 874-1811
Facsimile:    (510) 465-8976
E-mail:   gselvin@selvinwraith.com
          rkorte@selvinwraith.com

Attorneys for Plaintiffs,
UNIGARD INSURANCE COMPANY and
ONEBEACON INSURANCE COMPANY

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNIGARD INSURANCE COMPANY and ONEBEACON INSURANCE COMPANY, Plaintiffs, v. GEORGE PERRY AND SONS, INC., a California Corporation, GARY MATTES, individually and dba GARY APIARIES and DOES 1 through 10, inclusive, Defendants. | CASE NO.: 2:18-cv-00188-KJM-CKD **STATEMENT OF UNDISPUTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF PLAINTIFFS UNIGARD INSURANCE COMPANY'S AND ONEBEACON INSURANCE COMPANY'S MOTION FOR PARTIAL SUMMARY JUDGMENT** Date:     April 20, 2018 Time:     10:00 a.m. Courtroom: 3 Judge:    Kimberly J. Mueller Complaint Filed: January 26, 2018 |
|---|---|

Plaintiffs Unigard Insurance Company and OneBeacon Insurance Company's ("Plaintiffs")

hereby submit the following Statement of Undisputed Facts in support of Plaintiffs Motion for Partial

Summary Judgment pursuant to Local Rule 260(a).

**Undisputed Facts**

| **Moving Party's Undisputed Facts** | **Supporting Evidence** |
|---|---|
| 1. George Perry & Sons, Inc. ("Perry") is a commercial farming company. | 1. **Supporting Evidence:** Request for Judicial Notice ("RJN") ¶ 1, Exh. A at A002, First Amended Complaint, ¶ 6. |

1
STATEMENT OF UNDISPUTED FACTS AND CONCLUSIONS OF LAW ISO PLAINTIFFS'
MOTION FOR PARTIAL SUMMARY JUDGMENT         CASE NO.: 2:18-cv-00188-KJM-CKD

| Moving Party's Undisputed Facts | Supporting Evidence |
|---|---|
| 2. Gary Mattes, individually, and dba as Gary's Apiaries is a bee keeper that offers his honey bees and hives for rental to farmers to pollinate their fields. | 2. **Supporting Evidence:** RJN ¶ 1, Exh, A at A001, First Amended Complaint, ¶ 1. |
| 3. Perry rented hives from Mattes to help pollinate his watermelon and pumpkin fields. | 3. **Supporting Evidence:** RJN ¶ 1, Exh, A at A002, First Amended Complaint, ¶ 6. |
| 4. Mattes sued Perry in San Joaquin Superior Court civil action: *Gary Mattes, individually and dba Gary Apiaries v. George Perry and Sons, Inc. and Paul Gomes*, Case No. STK-CV-UPI-2013-0012146 ("*Mattes* action") initially filed on December 4, 2013. | 4. **Supporting Evidence:** RJN ¶ 1, Exh. A.. |
| 5. Mattes filed a first amended complaint on June 11, 2014. | 5. **Supporting Evidence:** RJN ¶ 1, Exh. A. |
| 6. The Mattes action alleges that Perry orally contracted to rent bee hives from Mattes for the 2009 to 2012 growing seasons. | 6. **Supporting Evidence:** RJN ¶ 1, Exh, A at A003, First Amended Complaint, ¶ 7. |
| 7. Invoices issued by Mattes confirm that the hives were rented to Perry. | 7. **Supporting Evidence**: Selvin Decl. ¶ 5, Exh. C at C001 and C002. |
| 8. Mattes was "granted permission to enter PERRY'S property and to locate bee hives on said property" to pollinate Perry's watermelon and pumpkin crops. | 8. **Supporting Evidence:** RJN ¶ 1, Exh, A at A003, First Amended Complaint, ¶ 7. |
| 9. The Mattes' hives remained in Perry's fields for approximately one month during pollination of pumpkins. | 9. **Supporting Evidence:** Selvin Decl. ¶ 4, Exh. B at B008, Deposition of Gary Mattes Feb. 24, 2015, 161:14-17. |
| 10. Mattes' hives remained in Perry's fields for approximately five months for pollination of watermelons. | 10. **Supporting Evidence**: Selvin Decl. ¶ 4, Exh. B at B006, Deposition of Gary Mattes Feb. 24, 2015, 148:18-149:8 |
| 11. Mattes noticed that Perry would move the hives while they were located in Perry's fields. | 11. **Supporting Evidence:** Selvin Decl. ¶ 4, Exh. B at B003 and B005, Deposition of Gary Mattes Feb. 24, 2015, 123:10-21 and 144:16-145:2. |

2

STATEMENT OF UNDISPUTED FACTS AND CONCLUSIONS OF LAW ISO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT          CASE NO.: 2:18-cv-00188-KJM-CKD

| Moving Party's Undisputed Facts | Supporting Evidence |
|---|---|
| 12. Mattes occasionally checked on the hives when they were in Perry's fields, sometimes only checking them once or twice during their rental to Perry. | 12. **Supporting Evidence:** Selvin Decl. ¶ 4, Exh. B at B006 - B007, Deposition of Gary Mattes Feb. 24, 2015, 149:12 – 151:16. |
| 13. Mattes also checked the hives by just driving by the fields and looking to see whether bees were visible from the road. | 13. **Supporting Evidence:** Selvin Decl. ¶ 4, Exh. B at B006 - B007, Deposition of Gary Mattes Feb. 24, 2015, 149:12 – 151:16. |
| 14. At times, Perry would request Mattes not enter his fields and refrain from checking on the hives because Perry had workers in or near the fields. | 14. **Supporting Evidence:** Selvin Decl. ¶ 4, Exh. B at B006 - B007, Deposition of Gary Mattes Feb. 24, 2015, 149:12-151:16. |
| 15. Mattes invoiced Perry for the hive rental each year. | 15. **Supporting Evidence:** Selvin Decl. ¶ 3, Exh. A at A005 - A006, Deposition of Paul Gomes, 57:2-59:12; Selvin Decl. ¶ 4, Exh. B at B004, Deposition of Deposition of Gary Mattes, 134:8-137:8; and Selvin Decl. ¶ 5, Exh. C at C001 and C002. |
| 16. Paul Gomes is the vice president of operations and farm manager for Perry. | 16. **Supporting Evidence:** Selvin Decl. ¶ 3, Exh. A at A003, Deposition of Paul Gomes, 20:10-24. |
| 17. The *Mattes* Action alleges Perry applied pesticides to his crops while the Mattes hives were on Perry's property and fields. | 17. **Supporting Evidence:** RJN ¶ 1, Exh, A at A003, First Amended Complaint, ¶ 8. |
| 18. The *Mattes* Action alleges the pesticides used by Perry were toxic to bees. | 18. **Supporting Evidence:** RJN ¶ 1, Exh, A at A003, First Amended Complaint, ¶ 11. |
| 19. The *Mattes* Action alleges the pesticides used by Perry were labeled with directions advising of the danger to bees. | 19. **Supporting Evidence:** RJN ¶ 1, Exh, A at A003 and A005, First Amended Complaint ¶ 11 and 19. |
| 20. The *Mattes* Action alleges that Perry applied pesticides lethal to bees on his crops while Mattes' hives were present on Perry's property despite knowing the pesticides toxicity to bees. | 20. **Supporting Evidence:** RJN ¶ 1, Exh, A at A003-004, First Amended Complaint, ¶ 11 and 12. |
| 21. The *Mattes* Action alleges Perry allegedly injured or killed Mattes' bee colonies by misapplying pesticides on Perry's fields. | 21. **Supporting Evidence:** RJN ¶ 1, Exh, A at A004, First Amended Complaint, ¶ 14. |

| Moving Party's Undisputed Facts | Supporting Evidence |
|---|---|
| 22. The *Mattes* Action alleges, as a result, that his bee hives suffered catastrophic losses including a 95% die off in 2012 alone | 22. **Supporting Evidence:** RJN ¶ 1, Exh, A at A004, First Amended Complaint, ¶ 14. |
| 23. Perry filed 19 motions *in limine* in December 2017 and many of the motions state, "[d]efendant PERRY rented bee hives from Mattes from 2009 to 2012 for pollination of its watermelon and pumpkin crops." | 23. **Supporting Evidence:** RJN ¶¶ 1-17, Exhs. B - Q at page 002 of each exhibit. |
| 24. Unigard Insurance Company ("Unigard") insured Perry under policy no. MF003782 in effect from December 1, 2010 to December 1, 2011 and from December 1, 2011 to December 1, 2012. | 24. **Evidence:** Declaration of Caroline Peros ("Peros Decl.") ¶ 7. |
| 25. The Unigard commercial liability policies insure Perry under standard insurance form no. CG0001 providing:<br><br>Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and, what is and is not covered.<br><br>Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy. The words "we", "us" and "our" refer to the company providing this insurance.<br><br>The word "insured" means any person or organization qualifying as such under Section II- Who Is An Insured.<br><br>Other words and phrases that appear in quotation marks have special meaning. Refer to Section V – Definitions<br><br>SECTION I - COVERAGES<br><br>COVERAGE A - BODILY INJURY AND PROPERTY DAMAGE LIABILITY<br><br>1.  Insuring Agreement<br><br>   a. We will pay those sums that the insured becomes legally obligated to | 25. **Supporting Evidence:** Peros Decl. ¶ 8, Exh. A at A001. |

| Moving Party's Undisputed Facts | Supporting Evidence |
|---|---|
| pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may at our discretion investigate any "occurrence" and settle any claim or "suit" that may result. But:<br><br>(1)   The amount we will pay for damages is limited as described in Section III - Limits Of Insurance; and<br><br>(2)   Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverage A or B or medical expenses under Coverage C.<br><br>No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments - Coverages A and B.<br><br>b. This insurance applies to "bodily injury" and "property damage" only if:<br><br>(1)  The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";<br><br>(2)  The "bodily injury" or "property damage" occurs during the policy period; and … | |

| Moving Party's Undisputed Facts | Supporting Evidence |
|---|---|
| 26. The Unigard commercial general liability policies contain the following relevant exclusion:<br><br>j. Damage To Property<br><br>"Property damage" to:<br><br>(1) Property you own, rent, or occupy, including any costs or expenses incurred by you, or any other person, organization or entity, for repair, replacement, enhancement, restoration or maintenance of such property for any reason, including prevention of injury to a person or damage to another's property;<br><br>…<br><br>(3) Property loaned to you;<br><br>(4) Personal property in the care custody or control of the "insured"; . . . | 26. **Supporting Evidence:** Peros Decl. ¶ 8, Exh. A at A005. |
| 27. The Unigard Farm liability policies general grant of coverage provides:<br><br>Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and, what is and is not covered.<br><br>Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations. The words "we", "us" and "our" refer to the Company providing this insurance.<br><br>Other words and phrases that appear in quotation marks have special meaning. Refer to SECTION IV – DEFINITIONS.<br><br>**SECTION I - COVERAGES**<br><br>**COVERAGE H - BODILY INJURY AND PROPERTY DAMAGE LIABILITY**<br><br>**1. Insuring Agreement**<br><br>a. We will pay those sums that the "insured" becomes legally obligated | 27. **Supporting Evidence:** Peros Decl. ¶ 9, Exh. B at B001. |

| Moving Party's Undisputed Facts | Supporting Evidence |
|---|---|
| to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the "insured" against any "suit" seeking those damages. However, we will have no duty to defend the "insured" against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may at our discretion investigate any "occurrence" and settle any claim or "suit" that may result. But: | |
| (1)   The amount we will pay for damages is limited as described in SECTION II - LIMITS OF INSURANCE; and | |
| (2)   Our right and duty to defend end when we have used up the applicable Limit of Insurance in the payment of judgments or settlements under Coverage H or I or medical expenses under Coverage J. | |
| No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under ADDITIONAL COVERAGES. | |
| b. This insurance applies to "bodily injury" and "property damage" only if: | |
| (1)   The "bodily injury" or "property damage" is caused by an "occurrence",· | |
| (2)   The "bodily injury" or "property damage" occurs during the policy period; and | |
| c. Damages because of "bodily injury" include damage claimed by any person or organization for care, loss of services or death resulting at any time from the "bodily injury". | |
| d. "Property damage" that is loss of use of tangible property that is not physically injured will be deemed to occur at the time of the "occurrence" that caused it. . . . | |

7

STATEMENT OF UNDISPUTED FACTS AND CONCLUSIONS OF LAW ISO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT          CASE NO.: 2:18-cv-00188-KJM-CKD

| Moving Party's Undisputed Facts | Supporting Evidence |
|---|---|
| 28. The Unigard farm liability policies exclude property damage to property in the care, custody, or control of Perry.<br><br>**2. Exclusions**<br><br>This insurance does not apply to:<br><br>. . .<br><br>r.   Damage To Property<br><br>"Property damage" to:<br><br>(1) Property you own:<br><br>(2) Property you rent or occupy;<br><br>…<br><br>(4) Property loaned to you;<br><br>(5) Personal property in the care custody or control of the "insured". | 28. **Supporting Evidence:** Peros Decl. ¶ 9, Exh. B at B006 - B007. |
| 29. OneBeacon insured Perry under two policies: QB QF63429-01 effective from December 1, 2008 to December 1, 2009 and QG QF63429-02, effective from December 1, 2009 to December 1 2010. | 29. **Supporting Evidence:** Peros Decl. ¶ 10. |
| 30. The OneBeacon commercial liability policies insure Perry under standard insurance form no. CG0001 providing:<br><br>Various provisions in this policy restrict coverage.  Read the entire policy carefully to determine rights, duties and, what is and is not covered.<br><br>Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy.  The words "we", "us" and "our" refer to the company providing this insurance.<br><br>The word "insured" means any person or organization qualifying as such under Section II- Who Is An Insured.<br><br>Other words and phrases that appear in quotation marks have special meaning. Refer to Section V – Definitions | 30. **Supporting Evidence:** Peros Decl. ¶ 11, Exh. C at C001. |

| Moving Party's Undisputed Facts | Supporting Evidence |
|---|---|
| SECTION I - COVERAGES<br><br>COVERAGE A - BODILY INJURY AND PROPERTY DAMAGE LIABILITY<br><br>1. Insuring Agreement<br><br>   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages.  However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.  We may at our discretion investigate any "occurrence" and settle any claim or "suit" that may result. But:<br><br>   (1)   The amount we will pay for damages is limited as described in Section III - Limits Of Insurance; and<br><br>   (2)   Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverage A or B or medical expenses under Coverage C.<br><br>No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments - Coverages A and B.<br><br>   b. This insurance applies to "bodily injury" and "property damage" only if:<br><br>   (1)   The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";<br><br>   (2)   The "bodily injury" or "property damage" occurs during the policy period; and  … | |

STATEMENT OF UNDISPUTED FACTS AND CONCLUSIONS OF LAW ISO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT          CASE NO.: 2:18-cv-00188-KJM-CKD

| Moving Party's Undisputed Facts | Supporting Evidence |
|---|---|
| 31. The OneBeacon commercial general liability policies contain the following relevant exclusion:<br><br>  j.  Damage To Property<br><br>    "Property damage" to:<br><br>    (1) Property you own, rent, or occupy, including any costs or expenses incurred by you, or any other person, organization or entity, for repair, replacement, enhancement, restoration or maintenance of such property for any reason, including prevention of injury to a person or damage to another's property;<br><br>    …<br><br>    (3) Property loaned to you;<br><br>    (4) Personal property in the care custody or control of the "insured";<br><br>    … | 31. **Supporting Evidence:** Peros Decl. ¶ 11, Exh. C at C004. |

Dated: March 23, 2018

SELVIN WRAITH HALMAN LLP

By: */s/ Gary R. Selvin*
    Gary R. Selvin
    Robin D. Korte
    Attorneys for Plaintiffs
    UNIGARD INSURANCE COMPANY and
    ONEBEACON INSURANCE COMPANY

245247.doc

STATEMENT OF UNDISPUTED FACTS AND CONCLUSIONS OF LAW ISO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT    CASE NO.: 2:18-cv-00188-KJM-CKD